IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| JAMES DOLIS, | ) | |
| | ) | |
| Petitioner, | ) | 13 C 4344 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| MADIGAN, Attorney General, | ) | |
| | ) | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Dolis filed a petition for writ of habeas corpus on June 12, 2013. Incarcerated at the Stateville Correctional Center in Joliet, Illinois, Dolis is serving a one-year sentence for violating an order of protection while incarcerated for another offense. Dolis's claims stem from his belief that errors in calculating his release date will cause him to remain in prison beyond what he considers his appropriate release date, August 2, 2013. In his petition under 28 U.S.C. § 2254(b), Dolis makes three claims: (1) that his conviction violated both state law and his Sixth Amendment right to a public trial; (2) that his release date should be earlier based on six months "good time" credit; and (3) that his release date should be sooner due to 375 days credit for time he served awaiting disposition. The Respondent moved to dismiss Dolis's petition for failure to exhaust state remedies. This Court grants the Respondent's motion because Dolis's collateral attack on his conviction is still pending in state court.

## BACKGROUND

On May 17, 2010, Dolis pled guilty to violating an order of protection. (Dkt. No. 1 at 18.) Judge Kevin Sheehan sentenced Dolis to one year in prison for that offense. (Dkt. No. 1 at 9.) In

1

his order, Judge Sheehan determined that Dolis was "entitled to receive credit for time actually served in custody for a total credit of 0375 days as of the date of this order." (*Id.*) Dolis was to serve this sentence consecutive to other sentences imposed in four prior criminal cases. (*Id.*)

Dolis did not directly appeal his conviction. (Dkt. No. 1 at 2.) According to Dolis, he mailed a petition seeking relief from judgment under 735 ILCS 5/2-1401 on March 17, 2011. (Dkt. No. 13 at 1.) This is the only post-conviction proceeding Dolis identified in his petition for a writ of habeas corpus. Judge Sheehan dismissed Dolis's petition on July 7, 2011. (Dkt. No. 1 at 10.) Dolis mailed a motion for reconsideration of his petition seeking relief from judgment under 735 ILCS 5/2-1401 on August 1, 2011. (*Id.*) Dolis claims a clerk mistakenly docketed his motion for reconsideration under the wrong case number and that a judge other than Judge Sheehan denied Dolis's motion on September 8, 2011. (*Id.* at 10-11.) Dolis learned from an assistant appellate defender in December 2011 that Judge Kazmierski had denied Dolis's motion for reconsideration. (*Id.* at 11.) Dolis confirmed his desire to appeal in January 2012, and an assistant appellate defender moved for leave to file a late notice of appeal on March 21, 2012. (*Id.*) A state appellate court denied leave to Dolis on April 9, 2012. (*Id.*) Dolis appealed to the Supreme Court of Illinois on April 24, 2012, seeking an order vacating the appellate court's denial and granting Dolis leave to file a late notice of appeal. (*Id.* at 10-12.) The Supreme Court of Illinois granted Dolis's motion on May 23, 2012, which allowed Dolis to proceed with his appeal. (*Id.* at 22.)

That appeal is currently pending. (*Id.* at 3.) The opening brief was due July 29, 2013. (Dkt. No. 13 at 1.) Dolis notes that "Dolis's appellate [counsel] keeps getting extensions because he knows the entire underlying conviction wherein the order of protection was entered is void as well as the order of protection itself, and [counsel] is waiting for the Appellate Court to vacate

that conviction as well as the [order of protection], which has been fully briefed since Sept. 2012." (*Id.*)

Dolis filed his petition for a writ of habeas corpus on June 12, 2013. (Dkt. No. 1.) Dolis claims in his petition that the conviction at issue here stems from his need to proceed pro se in an earlier criminal proceeding. (*Id.* at 5.) Dolis claims that he wrote to a witness—the victim—asking her to tell the truth. (*Id.*) This led to a charge that Dolis violated an order of protection; a charge for which Dolis entered a plea of guilty. (*Id.* at 9.) Dolis claims that though the trial court sentenced him to one year in prison for violating the order of protection, the trial court also gave Dolis 375 days of credit for time already served. (*Id.* at 5.) Dolis further claims that he has earned six months credit for "good time," which results in an August 2, 2013 release date when combined with the 375 days of credit for time served. (*Id.*) According to Dolis, the order of protection he violated was invalid because the underlying conviction was void and because he was not tried for the offense. Dolis further claims that the state's refusal to credit him with his time served and "good time" will result in his incarceration beyond August 2, 2013. (*Id.*)

Dolis filed an addendum to his petition on June 26, 2013. (Dkt. No. 14.) Dolis provides further support for his time served claim in his June 26th addendum. (*Id.*) Dolis also provides further support for his claim that the order of protection was invalid. (*Id.*) According to Dolis, the underlying conviction that led to the order of protection was void and the order of protection expired by the time he contacted the victim. (*Id.* at 1.)

The Respondent moved to dismiss Dolis's petition on July 10, 2013 for failure to exhaust state remedies. (Dkt. No. 10.) Dolis filed a second addendum on July 29, 2013. (Dkt. No. 13.) Dolis acknowledges in his July 29th addendum that counsel represents him with respect to his pending petition for relief for judgment. (*Id.* at 1.) Dolis also claims in his July 29th addendum

3

that circumstances exist in this case that render state processes ineffective. (*Id.*) The basis for Dolis's claim that state processes are ineffective is that state courts will not resolve his claims by what Dolis believes to be his release date. (*Id.* at 2.) Yet Dolis concedes that his counsel "keeps getting extensions" in connection with his petition for relief from judgment. (*Id.* at 2-3.) Dolis also claims that due process requires him to receive credit for time served as it induced him to enter his plea of guilty (*id.* at 2) and provides further support for his "good time" claim (*id.* at 3-6).

The Respondent filed a reply on August 7, 2013. (Dkt. No. 16.) Without seeking leave to do so, Dolis filed what this Court considers to be a sur-reply on August 28, 2013. (Dkt. No. 17.) In his sur-reply, in addition to supporting his claims concerning time served and "good time," Dolis claims actual innocence based on his belief that the order of protection expired by the time he is said to have violated it. (*Id.* at 1-2.)

## **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs petitions for writs of habeas corpus filed after April 24, 1996. *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004). Under the AEDPA, a federal district court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For claims adjudicated on the merits in state court proceedings, the district court may issue a writ of habeas corpus only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Cheeks v. Gaetz*, 571 F.3d 680, 684 (7th Cir. 2009).

But a district court cannot issue a writ of habeas corpus unless the petitioner has exhausted the remedies available in state courts, the state has not made a corrective process available, or circumstances exist that render the state's process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A petitioner exhausts state remedies when the petitioner does not have "the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). Yet an unjustifiable, inordinate delay in a state's corrective process can render that process ineffective. *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Even so, a district court may deny a habeas corpus petition on the merits notwithstanding a petitioner's failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(2).

When reviewing a petition for a writ of habeas corpus, a district court presumes that the state court's factual determinations are correct. *Smith v. Grams*, 565 F.3d 1037, 1043 (7th Cir. 2009). The petitioner may rebut this presumption by clear and convincing evidence. *Id.* Further, the petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." *Id.*

## DISCUSSION

There is no dispute that Dolis's petition for relief from judgment under 735 ILCS 5/2-1401 is pending in the Illinois Appellate Court. (Dkt. No. 1 at 3.) But Dolis claims that the state corrective process is ineffective due to inordinate delay. (*See* Dkt. No. 13 at 1.) Dolis claims that he filed his petition for relief from judgment on March 17, 2011. (*Id.*) Dolis is still waiting for a decision on his petition for relief from judgment more than two years after he submitted it.

An inordinate delay can be as short as seventeen months. *See Sceifers*, 46 F.3d at 703 ("Since delays of seventeen months and three and one-half years in *Dozie* [*v. Cady*, 430 F.2d 637 (7th Cir. 1970] and *Lowe* [*v. Duckworth*, 663 F.2d 42 (7th Cir. 1981)], respectively, were considered inordinate, Sceifers' delay of eleven years would certainly qualify as inordinate, too."). Because the delay in this case is more than two years, this Court must consider whether that delay is attributable to the state and, if so, whether that delay is justifiable. *See Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992).

Here, a state court denied Dolis's petition for relief from judgment on July 7, 2011. Under 735 ILCS 5/2-1401, a petitioner has a statutory means of obtaining relief from certain judgments. *See Cheeks*, 571 F.3d at 683. Dolis mailed a motion to reconsider his petition for relief from judgment on August 1, 2011. Due to a docketing mistake, Dolis's motion for reconsideration found its way to the wrong judge, who denied the motion. Dolis learned of this mistake four months later. Dolis sought leave to file a late notice of appeal after learning of the denied motion for reconsideration, which he filed in March 2012. Although the Illinois Appellate Court denied Dolis's request to file a late notice of appeal, the Supreme Court of Illinois ultimately allowed Dolis to proceed on May 23, 2012. At most, this mistake and the steps necessary to correct it caused a ten-month delay—from August 2011 to May 2012.

This delay, in itself, is not inordinate. It is considerably shorter than the delays discussed in *Sceifers*. Further, at least three months of the delay—from December 2011 to March 2012—was due to Dolis considering whether to pursue an appeal and then filing it. This makes it even less likely that the delay caused by the state's docketing error was excessive. Moreover, Dolis's ability to remedy the state's error shows that Dolis was able to protect his rights using state

processes. For these reasons, this Court finds that the delay attributable to the state was not inordinate.

The remaining delay, sixteen months and counting, is attributable to Dolis. Dolis concedes that he, through counsel, has asked for and received extensions in his appeal. (Dkt. No. 13 at 1.) According to Dolis, the extensions were part of a litigation strategy that includes an appeal in another case that has been fully briefed since September 2012. (*Id.* at 1-2.) This strategy resulted in a July 2013 due date for opening briefs in Dolis's appeal of the denial of his petition for relief for judgment. Delays in a collateral attack on a conviction caused by petitioner's counsel preclude a claim that state processes are ineffective. *Sceifers*, 46 F.3d at 703-04.

This preclusion applies here even though the state is responsible for a portion of the delay. Once the Supreme Court of Illinois remedied the state's error, Dolis had an opportunity to get his appeal back on track. He chose not to. Rather, he instigated a delay that exceeds the delay caused by the state. And he did so even though his delay caused his opening briefs to be due within weeks of what he believes to be his release date. Consequently, Dolis is in no position to complain that delay rendered state processes ineffective. *See Lane*, 957 F.2d at 365 ("The reason for the delay is no mystery, so we do not need a hearing to explore that reason: the state case came to a halt because Ross asked for a continuance."). His decision to further delay state processes acts as an intervening cause that negates the delay caused by the state's docketing error.

## CONCLUSION

Because Dolis has not given state courts a "meaningful opportunity" to pass on any of his claims, this Court cannot consider them. *See Chambers v. McCaughtry*, 264 F.3d 732, 737-38

7

(7th Cir. 2001). Therefore, this Court dismisses Dolis's petition for a writ of habeas corpus without prejudice. This dismissal does not prevent Dolis from filing a new petition once he exhausts available state remedies.

                                                      _____
                                                      Virginia M. Kendall
                                                      United States District Court Judge
                                                      Northern District of Illinois

Date: November 7, 2013